JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART STORES, INC.,<br><br>　　　　Defendant. | Case No.: EDCV 14-01990 CJC(DTBx)<br><br><br>**ORDER REMANDING CASE FOR IMPROPER REMOVAL** |

## I. INTRODUCTION AND BACKGROUND

On August 6, 2014, Plaintiff Douglas Thomas brought this action against Defendant Wal-Mart Stores, Inc. ("Walmart") for violations of discriminatory and wrongful termination in San Bernardino County Superior Court. (Dkt. No. 1 ["Removal Notice"], Exh. A ["Compl."].) On September 24, 2014, Wal-Mart removed the action to

this Court on the basis of diversity jurisdiction.  (Removal Notice.)  Because Wal-Mart's removal was improper, the Court REMANDS the action.[1]

## II. ANALYSIS

28 U.S.C. § 1441(b) permits the removal of civil actions based on diversity jurisdiction.  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and complete diversity exists among the parties.  28 U.S.C. § 1332.  In order to remove, the defendant must, within 30 days after receipt of a copy of the complaint, file a notice of removal containing a short and plain statement of the grounds for removal.  28 U.S.C. § 1446(a)–(b).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

The state court complaint lacks any allegation of the amount in controversy; rather, Mr. Thomas only makes general pleas for damages, attorneys' fees, and the like.  Where, as here, the state court complaint does not allege the amount in controversy, the "defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Id.* at 566–67.  In merely reciting that "the claim in controversy exceeds $75,000," (Notice Removal at 2), Wal-Mart has failed to satisfy its burden of setting forth "in the removal petition itself, the *underlying facts* supporting its assertion," *Gaus*, 980 F.2d at 567 (emphasis in original).

//
//
//

---

[1] Accordingly, Wal-Mart's pending motion to dismiss is DENIED AS MOOT.  (*See* Dkt. No. 7.)

## III. CONCLUSION

For the foregoing reasons, the Court REMANDS this case to state court.

DATED:     October 8, 2014

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE